UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

DONALD R. ALEXANDER,
EARLEEN W. ALEXANDER,

       Plaintiffs,

  -v-                                          No. 16-CV-2607-LTS-JLC

NATIONSTAR MORTGAGE, LLC;
DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR GS HOME
EQUITY TRUST 2007-5. et al.; and DOES 1
THROUGH 100 INCLUSIVE,

       Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

       Donald R. Alexander and Earleen W. Alexander (together, "Plaintiffs"), proceeding pro se, bring this lawsuit against Nationstar Mortgage, LLC ("Nationstar"), Deutsche Bank National Trust Company ("Deutsche Bank") as trustee for GS Home Equity Trust 2007-5, et al., and Does 1 through 100 Inclusive (collectively, "Defendants"), seeking declaratory relief invalidating encumbrances upon and the foreclosure sale of a home, and damages. Plaintiffs assert federal claims, for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. ("CCPA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-17 ("RESPA"), in addition to eight state law claims. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.

       Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Third Amended Complaint (Docket Entry No. 28) ("Complaint") with prejudice for

failure to state a claim.  (Docket Entry No. 30.)  The Court has considered the parties' submissions in connection with the instant motion carefully and, for the reasons below, grants Defendants' motion to dismiss.

BACKGROUND

The following recitation of facts is drawn from the Complaint, the factual content of which is taken as true for purposes of this motion, and a Deed of Trust securing Plaintiffs' mortgage which is referred to in the Complaint as "Assignment No. 1."  The Deed of Trust is explicitly referred to in the Complaint, is integral to Plaintiffs' claims and, furthermore, is a publicly recorded document of which the Court may take judicial notice.  Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (in deciding a Rule 12(b)(6) motion, a court may consider matters of which judicial notice may be taken); DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (in considering a 12(b)(6) motion, a court may consider documents incorporated by reference in the complaint); L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (when deciding a motion to dismiss, courts may consider documents integral to a complaint).

On December 15, 2006, Plaintiffs executed "a mortgage loan in the sum of $600,000 originated by Ryland Mortgage Company."  (Compl. ¶ 10.)  Plaintiffs assert that "[t]he original beneficiary and nominee of the [p]romissory [n]ote and [m]ortgage was MERS [(Mortgage Electronic Registration Systems, Inc.)]."  (Id.)  The Deed of Trust identifies MERS as beneficiary "(solely as nominee for Lender [(defined as Ryland Mortgage Company)] and Lender's successors and assigns)."  (Document No, 2006-270887, recorded December 29, 2016, filed in this action as Docket Entry No. 19-1, at 4.)   Plaintiffs nonetheless characterize the Deed of Trust as an "assignment" to MERS ("Assignment No. 1.").  (See Complaint ¶ 11.)  Three

notices of default were recorded against Plaintiffs' property, in 2009, 2012 and 2014, respectively. (Id. ¶¶ 12, 17, 18.) On February 15, 2015, Nationstar Mortgage, LLC, foreclosed on Plaintiffs' home. (Id. ¶ 19.)

Plaintiffs make several allegations of wrongdoing by Defendants. Many of the allegations appear to rely on the theory that a defect in what Plaintiffs characterize as "Assignment No. 1" of the Deed of Trust has rendered "all of the actions that occurred as a result of the void assignment, including the foreclosure of the subject Mortgage . . . also void." (Id. ¶¶ 20-24, 26.) According to Plaintiffs, "Assignment 1 was from MERS as [n]ominee to Ryland Mortgage Company. Assignment 2, whereby MERS attempted to assign its interest, . . . was invalid since MERS had already assigned any and all of its interest in Assignment 1."[1] (Id. ¶ 21.) Plaintiffs further allege that "Assignment 1 was to a non-existent entity which rendered Assignment 2 void." (Id. ¶22.) Plaintiffs allege that Assignment 1 occurred in 2006, and that Assignment 2 occurred in 2011. (Id. ¶¶ 11, 16.) Plaintiffs allege that legal notice requirements were violated in connection with both alleged assignments such that both assignments were concealed until October 24, 2014, the date on which Plaintiffs obtained a Securitization Analysis Report,[2] a loan audit, from "expert Michael Carrigan." (Id. ¶ 13.)[3]

---

[1] As noted above, Plaintiffs' characterization of the Deed of Trust as an Assignment from MERS to Ryland is inconsistent with the plain terms of the Deed of Trust. Plaintiffs' theory that MERS divested itself of any interest in the Deed of Trust through that 2006 instrument is therefore unsupported by plausible factual allegations. The Court is not required to accept as true Plaintiffs' allegations that are contradicted by public documents. See In re Livent, Inc. Sec. Litig., 148 F. Supp. 2d 331, 368 (S.D.N.Y. 2001).

[2] The "loan audit" document is attached to Plaintiffs' original Complaint and is referred to in the operative Third Amended Complaint.

[3] Plaintiffs also allege in the Complaint that the assignments were concealed until their review of a January 2016 loan audit. (Compl. ¶¶ 13, 59.) Plaintiffs, however, make no further mention and provide no documentation of this audit, instead referencing and attaching, as Exhibit A to the Initial Complaint, only an October 24, 2014 Securitization Analysis Report by Carrigan. Because the October 24, 2014, report would have provided

In addition to the claims based on their allegations of improper assignments, Plaintiffs allege violations of federal law, California State law, and of their Pooling and Servicing Agreement under New York law, during the foreclosure process. (Compl.)

Plaintiffs filed their Initial Complaint on April 7, 2016 (Docket Entry No. 1.), followed by three subsequent amended complaints (Docket Entry Nos. 22, 27, 28) in response to Defendants' motions to dismiss (Docket Entry Nos. 18, 23).

DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; there must be factual content plead that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

TILA and CCPA Claims

Defendants seek dismissal of Plaintiffs' third and fifth causes of action as time barred. In Plaintiffs' third and fifth causes of action, they allege Defendants violated TILA when they failed to disclose the assignments of their Deed of Trust and Promissory Note to the Plaintiffs.[4] "TILA provides that, 'not later than 30 days after the date on which a mortgage loan

---

[4] adequate notice of any title defects, Plaintiffs' conclusory reference to a January 2016 audit is insufficient to establish plausibly a basis for treatment of January 2016 as the point when Plaintiffs became aware of the allegedly defective transfers.

Plaintiffs' fifth cause of action is asserted under the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1641(g). "TILA is part of Title I of CCPA, and 15 U.S.C. § 1641(g) is part of TILA. See Stein v. JP Morgan Chase Bank, 279 F. Supp. 2d 286, 290 n.2 (S.D.N.Y. 2003). Accordingly, the Court will treat both counts as having been

is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer.' The 'statute of limitations for causes of action brought under TILA . . . is one year from the date of the alleged violation.'" Nationstar Mortgage, No. 16-cv-2943(KBF), 2017 WL 570941, at *5 (S.D.N.Y. Feb. 13, 2017) (quoting 15 U.S.C. § 1641(g)(1)) (internal citations omitted). The alleged assignments of the Deed of Trust occurred in 2006 and 2011. (Compl. ¶¶ 11, 16.) Plaintiffs filed their Initial Complaint in 2016, almost five years after the most recent purported assignment. (Docket Entry No. 1.) Thus, Plaintiffs' claims are time barred on their face.

Plaintiffs nonetheless assert that they are entitled to invoke equitable tolling and the claims should be treated as timely, alleging that Defendants did not record, and concealed, the 2006 assignment. (Compl. ¶ 58.) Plaintiffs allege their October 24, 2014, loan audit outlined the chain of title and made each assignment "reasonably ascertainable." (Compl. ¶¶ 13, 59.) Therefore, even if the statute of limitations had been tolled by reason of Defendants' conduct, Plaintiffs' discovery of the alleged TILA violations in 2014 eliminated any continuing basis for such tolling. This suit was not filed until 2016, more than one year after Plaintiffs were apprised of the assignments, and thus is still time barred. Accordingly, the Court dismisses counts three and five of the Complaint as barred by the statute of limitations. See In re Palermo, 739 F.3d 99, 106 (2d Cir. 2014) (stating that a dismissal without prejudice of a claim outside of the statute of limitations operates in effect as a dismissal with prejudice since any refiling would be barred).

---

brought under TILA." Dins v. Bank of America, N.A., No. 16-cv-5741(KBF), 2017 WL 570944, at *5 (S.D.N.Y. Feb. 13, 2017).

Regulation X Claim[5]

In count six of the Complaint, Plaintiffs assert that Defendants violated Consumer Financial Protection Bureau Regulation X, 12 C.F.R. § 1024.41(b). Specifically, Plaintiffs allege that Defendants "did not conduct a review to determine whether the Plaintiffs [sic] submitted loan modification application . . . [was] complete or…incomplete" (Compl. ¶ 73), and "did not act affirmatively to complete the Plaintiff's [sic] loan modification application and did not exercise reasonable diligence to obtain any documents/information to complete the application." (Compl. ¶ 76.)

The Complaint fails to state a claim that Defendants breached their duty under 12 C.F.R. § 1024.41(b). In particular, the Complaint proffers no information identifying any loan modification application by Plaintiffs, and does not allege nonconclusory facts demonstrating any breach of the requirements of the regulation. See Bank of America, 2017 WL 570944, at *4. (A well pled complaint alleging a breach of a lender's duties prescribed by 12 C.F.R. § 1024.41(b) must "include . . . concrete allegations, such as to whom [P]laintiff[s] sent the application . . . and whether . . . [they] received any sort of response or acknowledgement."). Accordingly, count six of the Complaint is dismissed.

Table-funding Claim

Plaintiffs allege generally that their loan was "table funded" by Ryland Mortgage Company, the loan originator, using a warehouse line of credit, that the loan and security documentation were handled improperly, and that Defendants' failure to disclose the table

---

[5] Regulation X administratively implements RESPA. See Hill v. DLJ Mortgage Cap., Inc., 689 Fed. Appx. 97, 98 (2d Cir. 2017). "A borrower may enforce the provisions of [12 C.F.R. § 1024.41(b)] pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))." 12 C.F.R. § 1024.41(b).

funding violated RESPA. (Compl. ¶¶ 38, 41). This claim is insufficiently pled, and thus fails. Table funding is a transaction at closing in "which a loan is funded by a contemporaneous advance of loan funds and [there is] an assignment of the loan to the person advancing the funds." Moreno v. Summit Mortg. Corp., 364 F.3d 574, 576 (5th Cir. 2004) (quoting 24 C.F.R. § 3500.2(b)) (internal quotation marks omitted). A transaction that is table funded is not a secondary market transaction, and thus, is subject to RESPA. Id. at 576. To properly state a claim for table funding in violation of RESPA, a plaintiff must allege that the loan originator was not the real source of funding for the loan and that the loan was not closed in the originator's own name. See id. at 577. Here, the Deed of Trust was closed in the name of Ryland Mortgage Company, the loan originator, and Plaintiffs do not allege that their loan was contemporaneously funded by a third-party to whom the loan was assigned. (See Compl. ¶ 10.) Accordingly, Plaintiffs' table funding claim is dismissed.

State Law Claims

Plaintiffs also assert numerous state law claims, including wrongful foreclosure, violations of their Pooling and Servicing Agreement under New York law, violations of the California Civil Code and a request for declaratory relief. "Plaintiff[s'] state law claims are the only remaining claims. Having dismissed all claims over which it has jurisdiction, the Court, in its discretion, declines to exercise supplemental jurisdiction over [P]laintiff[s'] state law claim[s]." Bank of America, 2017 WL 570944, at *4; See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (holding that in cases where all federal law claims are eliminated before trial it is usual that the balance of factors to be considered will point toward declining to exercise jurisdiction over remaining state law claims).

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Third Amended Complaint is granted, and all of Plaintiffs' federal law claims are dismissed with prejudice. The Court declines pursuant to 28 U.S.C. section 1367(c) to exercise jurisdiction of Plaintiffs' state law claims. This Memorandum Opinion and Order resolves Docket Entry No. 30.

The Clerk of Court is requested to enter judgment in favor of Defendants and close this case.

SO ORDERED.

Dated: New York, New York
      December 22, 2017

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    United States District Judge

Copy mailed to:
Donald R. Alexander
Earleen W. Alexander
7873 West Depot Master Drive
Tracy, CA 96504